IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE

FILED
AUG 1 4 2013
10:16 O'CLOCK A M
LAURA BOHLING, CLERK
DEPUTY CLERK

| | |
|---|---|
| DANIEL JONES, | ) |
| Plaintiff, | ) |
| v. | ) NO. 66862 |
| | ) JURY DEMAND |
| OLD DOMINION FREIGHT LINE, INC. | ) |
| Defendant. | ) |

## COMPLAINT

Comes the Plaintiff pursuant to Tennessee Human Rights Act Tenn. Code Ann. § 4-21-102 *et seq.*, and the Tennessee Disability Act, Tenn. Code Ann. § 8-50-103 *et seq* complaining of the Defendant and would show unto the Court:

1.  Parties.

1.1 Plaintiff. The Plaintiff, Daniel Jones [Jones], is a resident of Rutherford County, Tennessee. At all times mentioned in this Complaint, Jones was an employee of the Defendant. Jones is presently 59 years old.

1.2 Defendant. The Defendant, Old Dominion Freight Line, Inc. [Old Dominion], is a Virginia Corporation, licensed to do business in the State of Tennessee. Old Dominion is a trucking firm that transports goods in the United States.

2.  Facts.

2.1 Jones was first hired as a driver for Old Dominion on June 27, 1988. During the time Jones was a driver for Old Dominion he compiled an exemplary work record. He had no bad

Exhibit 1

write-ups, had received numerous letters of commendation, and was recently honored by Vanderbilt University at a pre-game ceremony.

2.2     Jones was the number one driver with seniority at Old Dominion's LaVergne facility.

2.3     In 2000, Jones was diagnosed with cancer of the bladder, and later the liver and kidneys. He received medical treatment under his medical policy at Old Dominion. Jones continued to drive even though he was being treated for cancer.

2.4     At all times mentioned in this Complaint, Old Dominion was fully aware that Jones was a cancer patient.

2.5     On January 28, 2013, Jones was driving home from his girlfriend's house when he experienced a flat tire. Jones stopped in an abandoned service station in Smyrna, Tennessee. After Jones had stopped his vehicle, he took the keys out of the ignition and retrieved a jack from the vehicle's trunk. As he was changing the tire, two Smyrna police officers drove up. One of the officers asked Jones to take a field sobriety test which he passed. But the officer asked Jones if he would agree to take a blood test because the officer thought he might be impaired. Jones agreed and took the blood test. The test revealed he had alcohol in his blood stream but not more than the legal limit required. The officers still charged Jones with driving under the influence.

2.6     On July 17, 2013, Jones pled guilty to unauthorized use of an automobile in a plea bargain with the State.

2.7     Previous to the plea, Jones had notified Old Dominion of the arrest.

2.8     Old Dominion had informed Jones that if he pled to unauthorized use of a vehicle he would not be terminated.

2.9     After the plea was accepted by the General Sessions Court of Rutherford County, Jones notified Old Dominion.

2

2.10    On July 19, 2013, Old Dominion terminated Jones. No reason was given.

3.    <u>Violation of the Tennessee Human Rights Act and the Tennessee Disability Act</u>. The previous paragraphs of this Complaint are adopted in this section.

3.1    <u>Age Discrimination Tenn. Code Ann. § 4-21-401 *et seq.*</u> Old Dominion's termination of Jones for pleading to a charge of unauthorized use of a vehicle was a pretext for terminating him because of his age in violation of the Tennessee Human Rights Act. Jones was the senior driver for Old Dominion at the LaVergne office and as such was receiving a topped out salary of more than $90,000.00 per year. Jones was also in line for retirement benefits ad was receiving substantial health benefits. Eliminating Jones would. in effect, save Old Dominion money. Jones' age was a motivating factor in Old Dominion's decision to terminate him.

3.2    <u>The Tennessee Disability Act Tenn. Code Ann. § 8-50-103 *et seq.*</u> Old Dominion regarded Jones as disabled because of his cancer. Old Dominion was aware that Jones had been undergoing treatment for cancer for some time. This treatment was expensive and placed Jones in the position of being off from work numerous times for treatment. Old Dominion's termination of Jones for unauthorized use of a vehicle was pretexual for terminating him because of his disability.

4.    <u>Damages</u>. As a direct and proximate result of the illegal actions of Old Dominion heretofore set forth, Jones suffered humiliation and embarrassment, great mental distress, loss of wages and benefits and loss of future wages and benefits.

WHEREFORE Plaintiff prays of the Court:

1.    That he be granted a jury to hear this case.

2. That he be awarded compensatory damages in an amount which will compensate him for loss of income and benefits and great emotional distress.

3. That he be reinstated or in the alternative given front pay.

4. That he be awarded reasonable attorney fees.

5. That he be awarded the cost of this case.

6. For such other and further relief as the Court may deem fit and necessary.

Respectfully submitted,

Phillip L. Davidson, #6466
2400 Crestmoor Road
Suite 107
Nashville, Tennessee 37215
(615) 386-7115

## COST BOND

I acknowledge myself as surety in this matter not to exceed the statutory limit.

Phillip L. Davidson, #6466

State of Tennessee, Rutherford County
The undersigned, Circuit Court Clerk of the said County and State, hereby certifies that the foregoing is a correct copy of the instrument filed in the foregoing case in the Circuit Court of Murfreesboro, Tennessee.
This 14 day of Aug 2014
Laura Bohling Clerk
Deputy Clerk